IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


EVANGELOS DIMITRIOS SOUKAS,                                    CV 07-1044-MA

                    Petitioner,                     OPINION AND ORDER

        v.

CHARLES DANIELS,
Warden, FCI-Sheridan,

                    Respondent.


        EVANGELOS DIMITRIOS SOUKAS
        Federal Register Number 35211-086
        Federal Correctional Institution
        PO Box 5000
        Portland, OR  97378-5000

                Petitioner, *Pro Se*

        KARIN J. IMMERGUT
        United States Attorney
        SCOTT ERIK ASPHAUG
        Assistant United States Attorney
        United States Attorney's Office
        District of Oregon
        1000 SW Third Avenue, Suite 600
        Portland, OR  97204-2902

                Attorneys for Respondent

MARSH, Judge:

        Petitioner, an inmate in the custody of the Federal Bureau

of Prisons (BOP), currently housed at the Federal Correctional

Institution (FCI) Sheridan, brings this habeas corpus proceeding

pursuant to 28 U.S.C. § 2241.

1- OPINION AND ORDER

On December 19, 2005 Defendant pleaded guilty to Conspiracy to Commit Fraud and Mail Fraud, in violation of 18 U.S.C. § 371, Conspiracy to Commit Fraud Through Use of Other Person's Means of Identification, in violation of 18 U.S.C. §§ 1028(f), (a)(7) and, (b)(1)(D), and five counts of Fraudulent Use of Another Person's Means of Identification, in violation of 18 U.S.C. §§ 1028(a)(7), (b)(1)(D) and (b)(2).  He was sentenced to 92 months imprisonment, 3 years supervised release, and criminal monetary penalties including a felony assessment of $3900 and restitution in the amount of $107,075.95.  The judgment specified, *inter alia*, that Petitioner should make payments toward his "criminal monetary penalties" during his period of imprisonment at a rate of 10 percent of his "inmate gross monthly income or $25.00 per quarter, whichever is greater. . ."

According to Petitioner, when he arrived at FCI Sheridan the BOP began withdrawing restitution payments of $215 per month from his prison bank account, pursuant to the Inmate Financial Responsibility Program (IFRP).  *See* 28 C.F.R. § 545.10, *et seq*. Petitioner requests that this Court issue a Writ of Habeas Corpus commanding Respondent to cease collecting any restitution payments from him on the basis that the BOP does not have authority to "amend" the judgment and "increase his payment amount and frequency for the period of his imprisonment." Petitioner also asks the Court to command Respondent to identify

2- OPINION AND ORDER

him as "IFRP-Exempt," vacate all sanctions imposed upon him,
cease all collection activity, and restore him "to the position
he would have been but for the wrongful actions of respondent."
In the alternative, Petitioner requests this Court fix
petitioner's restitution payment at $25 per quarter for the
remainder of his term of imprisonment.

By his answer dated August 28, 2007, Respondent concedes the
writ should be granted in part, but argues that no relief should
be ordered because the BOP will "collect no less than 10% of the
inmate's gross monthly income or $25.00 per quarter, whichever is
greater. . ."

At the Court's request, Respondent submitted copies of
Petitioner's prison bank account records and other documents
relating to his IFRP status (#11).  The reports, dated January 8,
2008, state that Petitioner's average daily balance over the
previous six months was $106.57, ten percent of which is $10.66.
Thus, according to the payment schedule set by the sentencing
court, between July 2007 and January 2008 the BOP was authorized
to withdraw $10.66 per month from Petitioner's account toward his
restitution payment, because $10.66 per month would be greater
than $25 per quarter.  Yet, the records before the Court indicate
that Petitioner has never made a restitution payment.  His
outstanding restitution balance remains $107,075.95, the original
amount of his restitution sentence.  Petitioner's "IFRP refusal

3- OPINION AND ORDER

status" appears to be a result of his failure to comply with the BOP's payment schedule for payment of Petitioner's felony assessment, not his restitution obligation.

Reports provided by Respondent indicate that petitioner began making payments of $35 per month toward his felony assessment obligation in May 2006, which increased to $70 per month in September 2006, and $215 per month in August 2007, after which Petitioner did not make any more payments.  Presumably, Petitioner was then placed on "IFRP refusal status," although Respondent's papers do not reflect the date of the status change. In December 2007 Petitioner signed a document titled "Inmate Financial Plan," on which he agreed to begin paying $240 per month toward his felony assessment obligation, beginning February 2008.  As of January 3, 2008 Petitioner had reduced his $3900 original felony assessment balance to $3160.

Petitioner contends the BOP's collection of these payments contravenes the Mandatory Victims Restitution Act of 1996 (MVRA)[1], and *United States v. Gunning*, 339 F.3d 948 (9th Cir. 2003)(*Gunning I*), and *United States v. Gunning*, 401 F.3d 1145 (9th Cir. 2005) (*Gunning II*), because the BOP is collecting more than the sentencing court allowed for in the payment schedule it

---

[1] The MVRA states, in relevant part, "Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid...". 18 U.S.C. § 3664(f)(2).

4- OPINION AND ORDER

set.   However, the MVRA only requires the sentencing court to set

a payment schedule for payment of restitution, not felony

assessments and other criminal monetary penalties.   In *Montano-*

*Figueroa v. Crabtree*, 162 F.3d 548, 550 (9th Cir. 1998)(per

curium), the Ninth Circuit found that the MVRA did not pose an

impediment to the district court's delegation of "scheduling of

payments of fines" to the BOP, as the MVRA only deals with

restitution payments.   Thus, the BOP does have authority to set a

schedule for payment of criminal monetary penalties other than

restitution.   *See also Gunning,* 401 F.3d at 1150.   Accordingly, I

do not find any merit to Petitioner's argument, or to

Respondent's concession, that the BOP exceeded its authority in

this case.

<u>**CONCLUSION**</u>

Based on the foregoing, Petitioner's habeas corpus petition

(#2) is DENIED.   All other outstanding motions are denied as

moot.

IT IS SO ORDERED.

DATED this 19_ day of February, 2008.

   /s/   Malcolm F. Marsh
Malcolm F. Marsh
United States District Judge

5- OPINION AND ORDER